UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

CECIL TUTTLE  Chapter 7
MARY ALICE TUTTLE  Case No. 11-52752

DEBTORS

J. JAMES ROGAN, TRUSTEE
For the bankruptcy estate of Cecil and Mary Alice Tuttle  PLAINTIFF

v.  Adv. No. 12-5007

FARMERS HOME ADMINISTRATION,  DEFENDANT
UNITED STATES DEPARTMENT OF AGRICULTURE

**MEMORANDUM OF OPINION**

The issue before the Court on the motion for summary judgment filed by Defendant Farmers Home Administration, United States Department of Agriculture, ("FHA"), is whether the Court should enter summary judgment on the claim of Trustee J. James Rogan that the mortgage held by FHA may be avoided pursuant to 11 U.S.C. § 544 because the mortgage is defective. Trustee Rogan contends the document does not provide the name and identity of the mortgagor, is unrecordable, and fails to provide constructive notice to a trustee as a hypothetical bona fide purchaser or judgment lien creditor.

The Court finds there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The mortgage document at issue identifies Indian Mound Associates, LTD as mortgagor, not Cecil Tuttle as argued by Trustee Rogan. Cecil Tuttle, General Partner of Indian Mound, signed the mortgage in accordance with his authority.

**Facts**

1. On August 10, 1983, Debtors, Cecil Tuttle and Mary Alice Tuttle, formed Indian Mound Associates, LTD. [Doc. 22, Ex. A].

2. Indian Mound is a registered entity doing business in the Commonwealth of Kentucky and can be identified with the Kentucky Secretary of State as Organization No. 0180496. [Doc. 22, Ex. B].

3. Debtors created a partnership agreement ("Partnership Agreement") governing Indian Mound, and recorded it in the office of the Montgomery County Clerk on August 11, 1983. [Doc. 22, Ex. A, p. 7].

4. The Partnership Agreement identifies Cecil Tuttle as the general partner and Mary Alice Tuttle as the limited partner. [Doc. 22, Ex. A, pp. 1-2].

5. The Tuttles signed the Partnership Agreement in these specific capacities. [Doc. 22, Ex. A, p. 6].

6. The Partnership Agreement states that the character of the partnership of Indian Mound is to acquire and own certain real estate and to construct and operate on such real estate a rental apartment complex to be known as the Indian Mound Apartments, located in Mt. Sterling, Montgomery County, Kentucky. [Doc. 22, Ex. A, p. 1].

7. The Partnership Agreement further states that the character of the partnership is to conduct such other business as shall be incidental to this project. *Id.*

8. The partnership has a term of fifty years and is set to expire in 2033. [Doc. 22, Ex. A, p. 2].

9. The Partnership Agreement contains the following:

> The general partner on behalf of the Partnership is hereby authorized and empowered to execute a note and mortgage in order to secure a loan to be insured by the United States Department of Agriculture, Farmers Home Administration (FmHA) and to execute a regulatory agreement and such other documents required by FmHA in connection with such loan. Any incoming general partner shall, as a condition of receiving an interest in the Partnership property agree to be bound by the note, mortgage and regulatory agreement and other documents required in connection with such insured loan to the same extent and on the same terms as the other general partner. Any incoming limited partners agree not to perform any acts, or fail to do any acts, which would violate the provisions of the regulatory agreement and other documents

2

> required in connection with such insured loan. Upon any dissolution, no title or right to possession and control of the Project and no right to collect the rents therefrom shall pass to any person who is not bound to the regulatory agreement in a manner satisfactory to FmHA at the time of such dissolution.

[Doc. 22, Ex. A, pp. 5-6]

10. On August 11, 1983, the Tuttles filed with the Kentucky Secretary of State, a Statement of Assumed Name, reflecting their intent to "conduct and transact business in the assumed name of Indian Mound Associates, LTD." [Doc. 22, Ex. C].

11. Cecil executed the Statement of Assumed Name as a general partner, and recorded same in the clerk's office of Montgomery County, Kentucky on August 11, 1983. *Id.*

12. On December 2, 1983, the Tuttles deeded to Indian Mound, their respective interests in real properties located in Mount Sterling, Kentucky, which are identified as 524 Burley Drive, 424 Boone Avenue, and 420 Boone Avenue ("Real Properties"). [Doc. 22, Ex. D].

13. In accordance with the character and business of the Partnership Agreement, Indian Mound entered into a promissory note in the amount of $774,500.00 with FHA ("Note"). [Doc. 28, Ex. H, p. 2].

14. This Note was secured by a mortgage on the Real Properties ("Mortgage"). *Id.*

15. Cecil executed the Mortgage on October 19, 1984, signing directly under the borrower identified as "Indian Mound Associates, LTD." [Doc. 22, Ex. E, p. 4].

16. On October 19, 1984, FHA recorded the Mortgage in Mortgage Book 109, Page 93, in the clerk's office of Montgomery County, Kentucky. *Id.*

17. The first paragraph of the Mortgage identifies Indian Mound as the mortgagor. [Doc. 22, Ex. E].

18. The purpose of the Mortgage is to secure payment of the Note and encumber land owned by Indian Mound. [Doc. 22, Ex. E, p. 1].

3

19. The Tuttles filed for relief under Chapter 7 of the United States Bankruptcy Code on September 30, 2011 ("Petition Date").

20. Schedule B of their petition indicates that on the Petition Date, the Tuttles jointly held the stock of Indian Mound. [Doc. 22, Ex. F].

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper pursuant to 28 U.S.C. § 1409.

## Analysis

Trustee Rogan argues that as a hypothetical judicial lien creditor or bona fide purchaser of the Real Properties, he may avoid the Mortgage using his "strong-arm" powers under 11 U.S.C. § 544 because Cecil is not named in the Mortgage nor is he identified as having authority to execute the document on behalf of Indian Mound. Trustee Rogan also argues the language used in the notary acknowledgement does not comply with the requirements of KRS 423.160(3). Finally, Trustee Rogan relies on KRS 382.270 in support of his position the Mortgage is unenforceable and subject to avoidance.

FHA counters that Indian Mound is the named mortgagor, Indian Mound is identified in the Mortgage, the Mortgage is enforceable, and the Mortgage may not be avoided under principles of agency law, the recorded Partnership Agreement and the holding of *Rogan v. Fifth Third Mortgage Company (In re Rowe)*, 452 B.R. 591, 595 (B.A.P. 6th Cir. 2011).

It is uncontested that the Partnership Agreement authorized and empowered Cecil, as the named general partner, to enter into a promissory note with FHA and to execute the Mortgage encumbering the Real Properties owned by Indian Mound. Further, Trustee Rogan does not dispute that the Mortgage was recorded.

Trustee Rogan takes the position that Cecil must be named and identified in the body of the Mortgage because Cecil is the individual that signed the Mortgage. The first paragraph of the Mortgage identifies Indian Mound as the mortgagor. Throughout the Mortgage, Indian

4

Mound is referred to as the "Borrower" as the term is defined in the first paragraph. FHA contends the Mortgage is enforceable because the identity of the borrower is readily ascertainable from a review of the entire instrument in accordance with *Rogan v. Fifth Third Mortgage Company (In re Rowe)*, 452 B.R. 591, 596 (B.A.P. 6th Cir. 2011), and in accordance with the principles of *Goodrum's Guardian v. Kelsey*, 50 S.W.2d 932, 934 (Ky. 1932) ("It is the law of this state that a deed, and for the same reason a mortgage, is not valid as to one who is not named or identified in some way as grantor or mortgagor, although he may sign and acknowledge the instrument.").

Under *Rogan*, the recorded Mortgage places a bona fide purchaser on notice that Indian Mound's Real Properties are encumbered by an interest held by FHA. Under *Kelsey*, one may not argue, as does Trustee Rogan, that Cecil is somehow the intended mortgagor simply because he signed the document. Indian Mound and no other party is clearly the mortgagor in the Mortgage. There is no support in the documents of record for Trustee Rogan's position that Cecil was the mortgagor.

Trustee Rogan argues Cecil's failure to note his status as the general partner of Indian Mound as a part of his signature makes the Mortgage unenforceable. Kentucky courts have uniformly held that acts of an agent such as executing legal documents "bind the principal when the agent is acting within the scope of his authority." *Kentucky Home Life Ins. Co. v. Johnson*, 93 S.W.2d 863, 867 (Ky. 1936). Therefore, FHA argues, the Mortgage is not defective and may not be avoided because the acts of Cecil were valid acts taken on behalf of Indian Mound. The documents in the record of this adversary proceeding, in particular the Partnership Agreement which is lodged of record with the Montgomery County clerk, identify Cecil as the authorized agent and general partner of Indian Mound. As discussed below, Cecil's failure to add specific references to his status as the general partner of Indian Mound along with his signature on the Mortgage and in the acknowledgement are insufficient to make the recorded Mortgage unenforceable and subject to avoidance.

In response to Trustee Rogan's argument that the language used in the notary acknowledgement does not comply with the requirements of KRS 423.160, FHA responds that the statute contains short forms of acknowledgment and does not preclude the use of other forms. Further, usage of this statutory language in an acknowledgement is optional. The Court agrees with these contentions.

Trustee Rogan relies on KRS 382.270 in support of his position that the Cecil's signature and the language used in the acknowledgement are contrary to Kentucky law. Trustee Rogan also cites a number of opinions, including *Rogan v. America's Wholesale Lender d/b/a Countrywide Home Loans, Inc., (In re Vance)*, 99 F.App'x 25 (6th Cir. 2004). In the memorandum in opposition to the summary judgment motion Trustee Rogan states,

> In *In re Vance*, the court turned to Kentucky Revised Statute § 382.270, and agreed with the prior courts that the defectively acknowledged mortgage would not operate to give constructive notice to subsequent purchasers or creditors where the mortgage failed to include the names and identities of those who signed the mortgage.

[Doc. 24, p. 8]. This reliance is misplaced because the significance of a failure to comply with Kentucky's acknowledgement requirements was greatly reduced by changes to the statute at issue.

The amended version of KRS 382.270 applies to all bankruptcy cases filed on or after the July 12, 2006, effective date of the statutory changes. The Tuttles' Petition Date is September 30, 2011. A trustee's rights as a bona fide purchaser are fixed as of the Petition Date. *Baker v. The CIT Group/Consumer Finance Inc. et al. (In re Hastings)*, 353 B.R. 513, 517-18 (Bankr. E.D. Ky. 2006). The modified version of the statute clearly applies in this proceeding. *Id.*

The statute was modified to insert language which defeats Trustee Rogan's position and makes the recording of the Mortgage sufficient to put Trustee Rogan on constructive notice despite any technical errors. The added language in KRS 382.270 provides:

6

> [I]f a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.

This statute makes it clear that the recording of the Mortgage was sufficient notice to the Trustee regardless of any technical defect under KRS Chapter 382, which would include any defect in noting Cecil Tuttle's position as general partner of Indian Mound in the signature or acknowledgement. *See Rogan v. CitiMortgage, Inc. et al. (In re Dillard)*, 2012 WL 1806302, at *3 (Bankr. E.D. Ky. 2012).

Trustee Rogan attempts to defeat FHA's summary judgment motion by suggesting the existence of a genuine dispute as to a material fact – whether Cecil Tuttle signed the Mortgage in his individual capacity or as the general partner of Indian Mound. In support, Trustee Rogan offers a copy of a mortgage dated March 18, 1987, executed by Cecil Tuttle on behalf of Garden Springs Manor Apartments, LTD. The first signature line on the Garden Springs mortgage contains the name of the partnership that is the borrower, which is the same as the Mortgage at issue in this proceeding. On the second line Cecil includes "Gen. Part." after his name. This additional language is not present in the second signature line of the Mortgage. Trustee Rogan asserts this distinction creates a dispute as to the capacity in which Cecil executed the Mortgage. The Court disagrees.

Language used in signing a mortgage document more than two years after the Mortgage at issue does not suggest Cecil executed this Mortgage in any capacity other than that allowed in the Partnership Agreement, Statement of Assumed Name and identified in the Mortgage signature lines. Trustee Rogan offers no affirmative evidence that Cecil signed the Mortgage in an individual capacity. Assertions of counsel in a document filed in the record do not constitute evidence and are not sufficient to defeat a properly documented motion for summary judgment.

7

*JDC Management, LLC v. Reich*, 644 F.Supp.2d 905, 929 (W.D. Mich. 2009); *Commonwealth v. Whitworth*, 74 S.W.3d 695, 699 (Ky. 2002).

### Conclusion

Based on the foregoing findings of fact and conclusions of law, the Court shall grant FHA's motion for summary judgment. A separate order shall be entered accordingly.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Monday, August 06, 2012
(jms)**